## Barabas' Appeal

*Joseph Holzman*, for appellant.

*Harry E. Simmons*, for Liquor Control Board.

GRIFFITH, J., July 18, 1945.—This is an appeal from the action of the Pennsylvania Liquor Control Board refusing the application of John Barabas for the transfer to him for premises situated at 414 Ohio Street in Lorain Borough of a liquor license issued to William H. and Edna Jones for premises situated on Oakland Avenue, R. D. 3, in the same borough.

The application for transfer was refused by the Liquor Control Board for the following reasons:

"(a) A petition signed by a number of persons residing in the vicinity of the premises proposed to be licensed objecting to the issuance of a liquor license in this establishment has been filed with the board; (b) several of the protestants, including the burgess of the borough and members of the local police force, appeared at the hearing and testified that they are opposed to the issuance of an additional license in this section of the community."

A hearing de novo was had before the court, at which the only grounds for refusal appeared to be: (1) That there was a lack of parking space in the immediate vicinity of the premises for which the license is sought; (2) that a license in that location would create an additional traffic hazard; (3) that there was already a licensed place directly across the street from the pro-

posed location; and (4) that the building is not suitable for a license. However, the board did not refuse the transfer on the latter ground, nor does the testimony sustain it. The enforcement officer of the Pennsylvania Liquor Control Board testified that all the physical requirements of the board were met by the building, and that the sanitary condition of the premises was good.

The secretary of the board of education, the burgess, a number of the borough council, and the fire chief appeared and protested the transfer of the license. These witnesses were obviously sincere in their belief that the transfer would not be in the best interests of the borough. However, they offered no testimony sufficient to overcome the testimony of the officer of the Pennsylvania Liquor Control Board in respect to the premises meeting all the requirements of the act and of the regulations of the board, and no attack was made upon the applicant's reputation.

Forty-two residents of Lorain Borough signed a protest against the transfer on December 20, 1944. Later, however, a petition dated April 5, 1945, was filed with the court bearing the following heading:

"We the undersigned residents of the Borough of Lorain, County of Cambria and State of Pennsylvania, have no objections to the transfer . . ."

This petition was signed by 186 residents of the borough, some of whom had signed the protest the preceding December.

The question before the court is, therefore, whether the Pennsylvania Liquor Control Board had discretion to refuse to permit a transfer of a liquor license where the applicant was a person of good repute and the premises met all the requirements of the act and the regulations of the board.

Section 403 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as last amended by

the Act of June 16, 1937, P. L. 1762, 47 PS §744-403, provides, in part, as follows:

"Upon . . . being satisfied . . . that the applicant is the only person in any manner pecuniarily interested . . . that the applicant is a person of good repute, that the premises applied for meet all the requirements of this act and the regulations of the board . . . the board shall, in the case of a hotel or restaurant, grant . . . a liquor license, and in the case of a club, *may, in its discretion,* issue a license: Provided, however, That, in the case of any new license or the transfer . . . to a new location, the board *may, in its discretion,* grant or refuse such new license or transfer if such place, proposed . . . is within three hundred feet of any church, hospital . . .", etc.

Section 408 (*a*) of the same act provides, in part, as follows:

"The board is hereby authorized to transfer any license from one person to another, or from one place to another within the same municipality or both, as the board *may determine* . . ."

On the question of the power of the board to refuse a transfer in its discretion when all the requirements of the act and the regulations of the board have been met, there are two distinct views in the lower courts due to the failure of the legislature to permit an appeal to the Superior Court and thereby obtain desired uniformity. Among the cases supporting the rule that the board is without discretion under these circumstances are the following: Larkin's License, 35 D. & C. 684 (Phila. 1939) ; Popp's License, 41 D. & C. 500 (Erie, 1941) ; Appeal of Gentile et al., 43 D. & C. 53 (Fayette, 1941) ; Leon's Appeal, 90 Pitts. 453 (Allegheny, 1942) ; Kalanosky's License, 48 D. & C. 449 (Luzerne, 1943) ; Appeal of Polish Falcons, etc., 51 D. & C. 14 (Allegheny, 1944) ; Bruner's Appeal, 1 September sessions, 1942, Q. S. of Somerset County (not reported).

Among the cases supporting the rule that under the circumstances referred to above the board has discretion to grant or withhold a transfer of license are the following: Brodsky's License, 44 D. & C. 227 (Phila. 1942) ; In re Transfer of Liquor License, 46 D. & C. 93 (Phila. 1943) ; Loftus' Appeal, 50 D. & C. 422 (Bucks, 1944) ; Elmen's License, 51 D. & C. 477 (Crawford, 1944).

Little can be done by way of reconciling the decisions in these cases. In our opinion, the rule supported by the first group must prevail. Some of the courts have been concerned with the words "as the board may determine", used in section 408 of the Pennsylvania Liquor Control Act. As we view it, the determination called for on the part of the board is merely that it review the application for transfer and determine whether the requirements of the act are met, as these requirements are enumerated in section 403—first, they should determine whether the applicant is the only person pecuniarily interested; second, whether he is a person of good repute; and, third, whether the premises applied for meet all the requirements of the act and the regulations of the board.

It will be noted that section 403 specifically gives discretion to the board to grant or refuse a new license or a transfer of license to a new location, if the place proposed to be licensed is within 300 feet of a church, hospital, etc. It will be seen that the act grants discretionary power, both as to new licenses and as to transfers in certain enumerated situations and, therefore, under the doctrine of expressio unius est exclusio alterius, in effect withholds such discretionary power as to other situations.

We are, therefore, compelled to conclude that the Pennsylvania Liquor Control Board is without discretion in granting or refusing to grant the transfer of a license in those cases where all the requirements of the

act and the regulations of the board have been met. We are sympathetic to the position of protestants in this case and feel that their actions are highly commendable, but under the state of the law at the present time in Pennsylvania we have no recourse but to direct the transfer of the license because the Pennsylvania Liquor Control Act makes it mandatory upon the board to transfer the same under these circumstances. It is not the function of the court to determine whether this provision of the law is right or wrong, but merely to interpret the law as we find it.

We, therefore, enter the following

### Decree

And now, July 18, 1945, after due consideration, the order of the Pennsylvania Liquor Control Board is reversed, and it is directed that the transfer of license from W. H. and Edna Jones, Oakland Ave., R. D. 3, Lorain Borough, to John Barabas, 414 Ohio Street, Lorain Borough, be issued as applied for.